JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGG, a minor, by and through his guardian ad litem, JESSICA AQUINO; ARG, a minor, by and through her guardian ad litem, JESSICA AQUINO; KARLA GONSALEZ, individually; and AGUSTIN GONSALEZ JR., individually;<br><br>            Plaintiffs,<br><br>     vs.<br><br>CITY OF HAYWARD, a municipal corporation; MARK KOLLER, individually; PHILLIP WOOLEY, individually; MICHAEL CLARK, individually; TASHA DECOSTA, individually; and DOES 1-100, inclusive,<br><br>            Defendants.<br>_____ / | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

INTRODUCTION

On the evening of November 15, 2018, in Hayward, California, Defendant HAYWARD Police Department officers PHILLIP WOOLEY and MICHAEL CLARK shot and killed Decedent AGUSTIN GONSALEZ, shooting 13 rounds at the obviously mentally impaired man who possessed a standard safety razor blade, about 1.5 inches long. Mr. GONSALEZ threatened no one when Defendants shot him, had his hands down in front of his waist, and somehow Defendants, apparently

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

1

relying on inaccurate information called into 911 in opposition to their own eyes, ordered Mr. GONSALEZ to "drop the knife". Mr. GONSALEZ had no knife to drop, stepped slowly toward the officers after saying the officers "can't shoot me", and Defendants, who had closed distance to Mr. GONSALEZ far quicker than he walked toward them, gave no further warning and simply began shooting repeatedly. Shockingly, Defendants were always armed with Taser stun guns when they shot and killed Mr. GONSALEZ. Police officers are required to reasonable less intrusive alternatives to lethal force, like the Taser under these circumstances. Defendant Officers miserably failed their mandate to protect the public, including mentally impaired people like Mr. GONSALEZ.

Adding insult to this egregious use of force, Defendant CITY OF HAYWARD took nearly a day to notify Mr. GONSALEZ's family members of his death, and when they did, they provided the family with the wrong day of his death.

This Complaint seeks redress for the malicious killing of Mr. GONSALEZ by Defendants, punitive damages against Defendants WOOLEY and CLARK, and re-training and policy change by Defendant CITY OF HAYWARD to ensure that its police officers properly use the weapons de-escalation training it provides them to handle mentally impaired people like Mr. GONSALEZ in a reasonable, safe way instead of simply killing them, even if they happen to be holding a 1 ½ inch long safety razor blade.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

## PARTIES

2. Minor Plaintiff AGG is the minor son and a co-successor-in-interest to Decedent AGUSTIN GONSALEZ. He is being represented in this action by his Guardian Ad Litem, JESSICA AQUINO.

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

2

3. Minor Plaintiff ARG is the minor daughter and a co-successor-in-interest to Decedent AGUSTIN GONSALEZ. She is being represented in this action by her Guardian Ad Litem, JESSICA AQUINO.

4. Plaintiff KARLA GONSALEZ is the mother of Decedent AGUSTIN GONSALEZ. She brings this action on her own behalf.

5. Plaintiff AGUSTIN GONSALEZ, JR., is the father of Decedent AGUSTIN GONSALEZ. He brings this action on his own behalf.

6 Decedent AGUSTIN GONSALEZ and each of the Plaintiffs identified in this action are citizens of the United States of America.

7. Defendant CITY OF HAYWARD ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the Hayward Police Department.

8. At all times mentioned herein, Defendant MARK KOLLER ("KOLLER" herein) was employed by Defendant CITY OF HAYWARD as Chief of Police for the CITY. He is being sued in his individual capacity.

9. Defendant PHILLIP WOOLEY ("WOOLEY" herein), is and was at all times herein mentioned a police officer employed by Defendant CITY OF HAYWARD. He is being sued in his individual capacity.

10. Defendant MICHAEL CLARK ("CLARK" herein), is and was at all times herein mentioned a police officer employed by Defendant CITY OF HAYWARD. He is being sued in his individual capacity.

11. Defendant TASHA DECOSTA ("DECOSTA" herein), is and was at all times herein mentioned a police officer employed as a Sergeant by Defendant CITY OF HAYWARD. She is being sued in her individual capacity.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

3

injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 2-100, inclusive, when they have been ascertained.

13. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the CITY.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

14. On the evening of November 15, 2018, Decedent AGUSTIN GONSALEZ was in the vicinity of 24633 O'Neil Avenue in Hayward, California, where his former girlfriend, Christina Rodriguez, resided.  Ms. Rodriguez was present along with her sister, Deanna Rubio. Ms. Rodriguez and Ms. Rubio noticed that Mr. GONSALEZ' behavior was erratic. It was obvious that Mr. GONSALEZ was in the midst of a mental health crisis, as he threatened to hurt himself with a razor blade. Ms. Rodriguez shouted at Mr. GONSALEZ as she pled with him not to hurt himself and reminded him that she loved him.

15. At some point that evening, Mr. GONSALEZ and a neighbor of Ms. Rodriguez's engaged in a verbal altercation that escalated into an apparently mutual fistfight.  This was captured on surveillance video. Based on the video, the neighbor threw the first blow in the altercation, which went on for several minutes. During the altercation, several breaks were taken by Mr. GONSALEZ and the neighbor. At some point the neighbor called 911 and inaccurately reported that Mr. GONSALEZ had a knife and was threatening him. The neighbor made clear to the 911 dispatcher that Mr. GONSALEZ was "crazy."  After this incident, on February 2, 2019, Defendant CITY OF HAYWARD released press materials including the 911 call and video footage of the incident, as well as admissions, including its contention that "Dispatch relayed the information provided by the caller", to responding officers.

16. Defendants DECOSTA, WOOLEY and officer CLARK arrived on scene, after being flagged down by the neighbor who placed the 911 call. Mr. GONSALEZ made several statements,

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

4

including "Fuck the po-po," "I don't give a fuck, I'll shock her", and "you can't shoot me." In spite of the fact that Mr. GONSALEZ did not possess a knife, and at most held a safety razor blade with a length of 1.54 inches in a non-threatening manner walking away from the officers, Defendant DECOSTA told Defendants WOOLEY and CLARK, as they exited their patrol cars: "Hold on, he's threatening." Plaintiffs contend Defendant DECOSTA made this statement to caution Defendants WOOLEY and CLARK from approaching Mr. GONSALEZ. Disregarding that caution, Defendants WOOLEY and CLARK immediately, guns drawn, and Tasers remaining in their holsters on their persons, strode toward Mr. GONSALEZ.

17. Mr. GONSALEZ had been walking in the general direction of Ms. Rodriguez, away from the officers. Mr. GONSALEZ was not threatening Ms. Rodriguez or anyone at this time. As Defendants WOOLEY and CLARK ordered Mr. GONSALEZ to drop the knife, Mr. GONSALEZ, who did not have a knife, turned to his right, said "you can't shoot me", rounded the front of a parked vehicle, and walked slowly toward Defendants WOOLEY and CLARK, facing them as they continued to approach him, shouting "drop the knife". Mr. GONSALEZ, who did not have a knife, held his hands at or below his waist in front of him. The 1 ½ inch safety razor blade was so small that it is not visible on the video, if indeed it was in Mr. GONSALEZ's hand at that time. Mr. GONSALEZ continued to not threaten anyone. Defendants WOOLEY and CLARK never reached for their Tasers. Instead, Defendants WOOLEY and CLARK fired their guns at Mr. GONSALEZ a total of 13 times, striking Mr. GONSALEZ approximately 10 times. Mr. GONSALEZ fell to the ground, where defendants handcuffed him, but they did not provide medical care or first aid efforts to AGUSTIN GONSALEZ. According to Defendant CITY, the 1 ½ inch safety razor blade was later recovered from beneath Mr. GONSALEZ's body.

18. Mr. GONSALEZ was no significant threat to Ms. Rodriguez, defendants, or anyone else. Plaintiffs allege Defendants failed to utilize training they were required to use under these circumstances, including, but not limited to: Keeping a safe distance from Mr. GONSALEZ, using de-escalation tactics, setting a perimeter around Mr. GONSALEZ, and using other available less-lethal weapons. Even then, Decedent was not a significant threat as he only carried a safety razor

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

5

blade with, at most, a 1 ½ inch, especially with three allegedly well-trained police officers at the scene.

19. Based on Defendants WOOLEY's and CLARK's statements at the scene telling Mr. GONSALEZ to "drop the knife," Plaintiffs allege that each Defendant failed to reasonably assess the situation, and had they done so, would have recognized the fact that Mr. GONSALEZ possessed no significant weapon and did not pose a significant threat to anyone.

20. Mr. GONSALEZ did not die immediately at the scene of the shooting. Mr. GONSALEZ suffered severe pain and suffering after the shooting before he later died. He was transported to a nearby hospital by paramedics, where he passed away later that night. Mr. GONSALEZ' family was not notified of the incident until the following day in the afternoon, long after Mr. GONSALEZ had been pronounced deceased, and they were misinformed by being told that he been shot and killed earlier that day.

21. All of the people detained at the scene were transported to the HAYWARD Police Department, including, but not limited to, Christina Rodriguez and Deanna Rubio, where they were detained for an excessive period of time and subjected to interrogations before being released hours later without any charges. Each was held against their will until their release.

22. Plaintiffs allege that the killing of AGUSTIN GONSALEZ by Defendants WOOLEY and Defendant CLARK was malicious, unrelated to legitimate law enforcement purposes, and was done with a purpose to harm Decedent. Plaintiffs further allege that Defendant DECOSTA failed in her supervisory role as the Sergeant on-scene to manage Defendants WOOLEY and CLARK to prevent foreseeable use of unreasonable force and failed to intervene in their use of unreasonable force.

23. Plaintiffs further allege that Decedent's death was the proximate result of Defendant CITY's failure to reasonably train their police officers in the proper and reasonable use of force, failure to reasonably train their police officers in responding to mentally impaired people and using force in a manner to reasonably avoid killing people. Plaintiffs further allege that these substantial failures reflect Defendant CITY's policies implicitly ratifying and/or authorizing the use of excessive

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

6

force by its police officers and the failure to reasonably train police officers employed by Defendant CITY in the use of force and in responding to mentally impaired people.

24. Plaintiffs further allege that to the extent Defendants may have relied upon information from 911 callers, or other means of information passed to them wrongly inferring that Decedent was armed with a knife, such information was contradicted by the reality that their own personal observations should reasonably have shown: that Decedent was merely in possession of a razor blade. Plaintiffs therefore allege that Decedent's death was also the proximate result of Defendant CITY's failure to reasonably train their police officers in the proper use and consideration of information received from those providing such information, such as 911 callers, reflecting Defendant CITY's policies implicitly ratifying the improper use and improper consideration of information received from 911 callers, proximately causing the death of Decedent[1]. There can be no substitute for an officer's own senses of sight and sound, and other personal observation.

25. The killing of decedent AGUSTIN GONSALEZ described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

26. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent AGUSTIN GONSALEZ's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

27. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

28. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered,

---

[1] This is especially true in light of "swatting" events, where people place prank calls to 911, falsely claiming violent emergencies for the purpose of drawing a SWAT-type of police response to the pranked individual's home.

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

7

for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Plaintiffs are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' violations, preceding Decedent's death.

29. As a further direct and proximate result of the excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support. Decedent worked a full-time job at the Tesla manufacturing plant in Fremont and provided for plaintiffs, both emotionally and financially.

30. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual defendants.

31. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. Section 1983
Minor Plaintiffs ARG and AGG against Defendants WOOLEY, CLARK, and DECOSTA Defendant DOES 1-50)

32. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33. Defendants WOOLEY, CLARK, DECOSTA and DOES 1-50 acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures by Defendants WOOLEY and CLARK's use of excessive force in unreasonably shooting and killing

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

8

Decedent, and in Defendant DECOSTA's failure to reasonably supervise Defendants WOOLEY and CLARK in their response to Decedent.

b. The right to medical care necessitated by Defendant WOOLEY and Defendant CLARK's unlawful shooting of Decedent, in violation of substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983
All Plaintiffs herein against Defendants WOOLEY and CLARK)

34. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35. Defendant WOOLEY, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendant WOOLEY acted maliciously with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

36. Defendant CLARK, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendant

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

9

CLARK acted maliciously with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983
Minor Plaintiffs ARG and AGG individually and as successors in interest to Decedent, against Defendant CITY, KOLLER and DOES 51-100)

37. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF HAYWARD officials, including high ranking police supervisors such as Defendant KOLLER, DOES 51 through 100, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officer WOOLEY, CLARK, DECOSTA and Defendants DOES 1-50, and/or each of them.

39. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants KOLLER, DOES 51-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

40. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant WOOLEY and Defendant CLARK, and Defendant DOES 1-50 and/or each of them, Defendant KOLLER, DOES 51-100, and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

10

41. Plaintiffs further allege Defendants KOLLER, DOES 51-100, and/or each of them, were notice of Constitutional defects in their training of CITY OF HAYWARD police officers, including, but not limited to, using excessive force, covering up the use of excessive force, failing to use reasonable less-intrusive alternatives to lethal force such as the Tasers Defendants WOOLEY, CLARK, and DECOSTA possessed, and improperly relying on information provided by informants in using force.

42. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF HAYWARD officials, including high ranking CITY OF HAYWARD Police Department supervisors, Defendants KOLLER, DOES 51-100, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;
   b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

43. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
(Survival Action: Violation of Decedent's Civil Rights
42 U.S.C. section 1983
Minor Plaintiffs ARG. and AGG as Successors-in-interest to Decedent AGUSTIN GONSALEZ

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

11

44. Plaintiffs ARG and AGG, as successors in interest to Decedent AGUSTIN GONSALEZ, hereby reallege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

46. Defendants acted under color of law killing decedent without lawful justification and subjecting decedent to excessive force, thereby depriving the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

47. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

48. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief;

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

12

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  February 7, 2019				**THE LAW OFFICES OF JOHN L. BURRIS**


						  /s/ *John L. Burris*
						John L. Burris
						Attorney for Plaintiffs

COMPLAINT FOR DAMAGES
GONSALEZ, et al. v. CITY OF HAYWARD, et al.

13