UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AG. G., a minor, by and through his guardian ad litem, JESSICA AQUINO; AR. G., a minor, by and through her guardian ad litem, JESSICA AQUINO; KARLA GONSALEZ, individually; and AGUSTIN GONSALEZ, JR., individually;<br><br>               Plaintiffs,<br>   vs.<br><br>CITY OF HAYWARD, a municipal corporation; MARK KOLLER, individually; PHILLIP WOOLEY, individually; MICHAEL CLARK, individually; TASHA DECOSTA, individually; and DOES 1-100, inclusive, Defendants.<br><br>             Defendants. | Case No.19-cv-00697-DMR<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING IN PART, AND GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 11 |

Defendants City of Hayward, Chief of Police Mark Koller, Officer Phillip Wooley, Officer Michael Clark, and Sergeant Tasha DeCosta move to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs AG. G. and AR. G., by and through their guardian ad litem, Jessica Aquino, Karla Gonsalez, and Agustin Gonsalez, Jr. (collectively "Plaintiffs"). Defendants also move for a more definite statement pursuant to Rule 12(e). The court held a hearing on June 27, 2019. Having considered the parties' submissions and oral argument, the court grants the motion to dismiss in part and denies it in part, and grants the motion for a more definite statement.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs make the following allegations in the FAC, all of which are taken as true for

purposes of this motion.[1] On November 15, 2018, Agustin Gonsalez was at the residence of his former girlfriend, Christina Rodriguez, who was with her sister, Deanna Rubio. [Docket No. 9 (FAC) ¶ 15.] Gonsalez was "in the midst of a mental health crisis," was acting erratically, and had threatened to hurt himself with a razor blade. *Id.* At some point in the evening, Gonsalez got into a verbal fight with a neighbor, which escalated into a physical altercation. *Id.* ¶ 16. The neighbor called 911 and reported that Gonsalez had a knife, was threatening him, and was "crazy." *Id.* In fact, Gonsalez did not have a knife; he had a razor blade that was 1.54 inches long. *Id.* ¶¶ 16, 17.

Defendants DeCosta, Wooley, and Clark answered the 911 call. *Id.* ¶ 17. Gonsalez made several expletive statements. *Id.* As they exited the patrol car, DeCosta, a Sergeant and therefore the ranking officer on scene, told Wooley and Clark "Hold on, he's threatening." *Id.* According to Plaintiffs, DeCosta "made this statement to caution [] Wooley and Clark from approaching Mr. Gonsalez." *Id.* However, Wooley and Clark disregarded DeCosta's warning, drew their guns, and proceeded towards Gonsalez. *Id.* Gonsalez was walking towards Rodriguez and away from the officers. *Id.* ¶ 18.

Gonsalez then said, "you can't shoot me," "rounded the front of a parked vehicle, and walked slowly toward[s] [] Wooley and Clark, facing them as they continued to approach him." *Id.* Wooley and Clark ordered Gonsalez to drop the knife. *Id.* Gonsalez had no knife to drop; instead, he kept his hands at or below his waist in front of him, while holding on to the razor blade. *Id.* Wooley and Clark never reached for their tasers; instead, they fired thirteen shots at Gonsalez, striking him ten times. *Id.* Although she was the supervising officer at the scene, DeCosta failed to intervene and failed to prevent Wooley and Clark from shooting Gonsalez. *Id.* ¶ 23. Gonsalez was subsequently handcuffed and transported to a hospital where he passed away later that night. *Id.* ¶ 21.

Plaintiffs filed this lawsuit on February 7, 2019. On April 12, 2019, they filed the FAC with the following claims: (1) violation of 42 U.S.C. § 1983 for wrongful death asserted by AR.

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

2

G. and AG. G. against Wooley, Clark, and DeCosta; (2) violation of 42 U.S.C. § 1983 for deprivation of familial relationship rights asserted by all Plaintiffs against Wooley and Clark; (3) a *Monell* violation asserted by AR. G. and AG. G. against the City of Hayward and Koller; (4) a survival action pursuant to section 1983 asserted by AR. G. and AG. G.; (5) wrongful death negligence asserted by AR. G. and AG. G. against Wooley, Clark, and DeCosta; (6) violation of the Bane Act, California Civil Code § 52.1, asserted by AR. G. and AG. G. against Wooley, Clark, DeCosta, and the City of Hayward; and (7) battery asserted by AR. G. and AG. G. against Clark, Wooley, and the City of Hayward. *See* FAC.

Defendants move to dismiss the FAC on the following grounds: (1) minors AR. G. and AG. G. lack standing because the FAC fails to allege that a guardian ad litem was appointed by the court; (2) the minors' survivor claims are also defective because AG. G. and AR. G. have not complied with the requirements of California Code of Civil Procedure section 377.32 and therefore cannot proceed as successors-in-interest on behalf of Gonsalez; and (3) the FAC does not allege sufficient facts to support claims against Koller and DeCosta. Defendants also move for a more definite statement under Rule 12(e), asserting that the FAC does not specify which Defendants are named in the fourth claim, which is the section 1983 survival action.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

1  678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and

2  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

3  *Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986));

4  *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by

5  *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B. Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for a more definite statement are "viewed with disfavor" and rarely granted. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). However, courts may require a more definite statement "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id.* (quotation and citation omitted).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

#### 1. Standing of Minors AG. G. and AR. G.

Defendants move to dismiss all claims by AG. G. and AR. G., arguing that as minors, they do not have proper standing because the FAC does not allege that the court has appointed a guardian ad litem as required by law. Defendants also move to dismiss the survivor claims because AG. G. and AR. G. have failed to comply with the statutory requirements to proceed as successors-in-interest on behalf of Gonsalez. Plaintiffs respond by providing new documentation of compliance with these requirements. [*See* Docket No. 16 (Nisenbaum Decl., May 23, 2019), Exs. A-B.] Defendants do not dispute that Plaintiffs are now in compliance. The court therefore denies this portion of the motion to dismiss as moot.

#### 2. Claims Against DeCosta

DeCosta moves to dismiss the three claims made against her, arguing that the allegations are insufficient to state any claim. The FAC alleges that when DeCosta, Wooley, and Clark were exiting the patrol car upon arrival at the scene, DeCosta told Wooley and Clark, "Hold on, he's

threatening," FAC ¶ 17, which was a statement made "to caution [] Wooley and Clark from approaching Mr. Gonsalez." *Id.* As the on-scene Sergeant, DeCosta then failed in her supervisory role to control and prevent the use of unreasonable force by her subordinate officers. *Id.* ¶ 23.

### a. Supervisory Liability Under § 1983

Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. *Iqbal*, 556 U.S. at 683. A supervisory officer may be held liable through "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The requisite causal connection may be proven by (i) the supervisor's "own culpable action or inaction in the training, supervision, or control of subordinates;" (ii) his or her "acquiescence in the constitutional deprivation of which a complaint is made;" or (iii) "conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). Supervisory liability can ensue if the supervisor knew of potential constitutional violations by subordinates and failed to intercede to prevent them. *Maxwell v. Cnty of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his [or her] subordinates if [he or she] participated in or directed the violations, or knew of the violations and failed to act to prevent them.")).

DeCosta argues that Plaintiffs have not alleged sufficient facts to support a claim for supervisory liability under section 1983. Plaintiffs respond that the allegations are adequate to state the claim because they suggest that DeCosta, "as a reasonable officer on the scene, recognized that something was wrong with [Gonsalez] requiring a measured use of force; she was either wholly ineffective as a superior officer or wholly disinterested; and her [tepid caution to her subordinate officers] was inadequate or not intended to control her subordinate officers and to save [Gonsalez's] life." [Docket No. 15 (Pltfs' Opp.) at 6.]

The court agrees with Plaintiffs. While sparse, the allegations in the FAC support a plausible inference that DeCosta cautioned her subordinates from approaching Gonsalez but did nothing further to manage or supervise Wooley and Clark as they continued to proceed towards

5

1 Gonsalez despite her warning. Nor did she intercede when Wooley and Clark subsequently drew their guns and fired on Gonsalez, even though they were carrying tasers. Plaintiffs have pleaded sufficient facts to state a claim against DeCosta for section 1983 supervisory liability.

      **b.**  **Wrongful Death Negligence Under C.C.P. §§ 377.60 and 377.61**

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006) (orig. emphasis omitted). "[A]n officer's lack of due care can give rise to negligence liability for the intentional shooting death of a suspect." *Munoz v. Olin*, 24 Cal. 3d 629, 634 (1979) (citing *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 587 (1970)). In order to prove wrongful death, "a plaintiff must show that the officer violated his 'duty to use reasonable force under the totality of the circumstances.'" *C.E.W. v. City of Hayward*, No. 13-CV-04516-LB, 2015 WL 1926289, at *14 (N.D. Cal. Apr. 27, 2015) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526 n.10 (2009)).

DeCosta argues that the allegations in the FAC are insufficient to give rise to a cognizable state law claim of wrongful death negligence because it does not identify a duty that DeCosta owed to Plaintiffs or Gonsalez.[2] Plaintiffs respond that the FAC adequately pleads a negligence claim on the theory that DeCosta was an "integral participant" in the death of Gonsalez, even if she did not personally cause the injury, citing to *Boyd v. Benton Cnty*, 374 F.3d 773, 780 (9th Cir. 2004). It is unclear whether the "integral participant" theory is applicable to state negligence claims, a point which Plaintiffs conceded at the hearing, and which neither party briefed.[3]

At the hearing, Plaintiffs argued for the first time that DeCosta had a duty to use reasonable tactics against Gonsalez under *Hayes v. Cnty of San Diego*, 57 Cal. 4th 622 (2013).

---

[2] The FAC fails to plead the requisite elements of duty and breach of duty for purposes of a wrongful death negligence claim. *See* FAC at 12-13. Plaintiffs should fix this in their amended complaint.

[3] Under the "integral participation" theory, an officer can be liable under section 1983 on her "integral participation" in the alleged violation, which "'does not require that each officer's actions themselves rise to the level of a constitutional violation,' [b]ut does require some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n. 12 (9th Cir. 2007) (quoting *Boyd*, 374 F.3d at 780).

However, Plaintiffs did little more than raise *Hayes's* holding without explaining how it maps onto the allegations in the FAC. *Cf. Hayes*, 57 Cal. 4th at 639 (holding that "[l]aw enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable.").

At this point, Plaintiffs have not explained why they have adequately stated a negligence claim against DeCosta. Therefore, DeCosta's motion to dismiss is granted as to the wrongful death claim, with leave to amend.[4]

### c. The Bane Act

The Bane Act "creates a right of action against any person who interferes by threat, intimidation, or coercion with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." *Barragan v. City of Eureka*, 15-cv-2070-WHO, 2016 WL 4549130, *7 (N.D. Cal. Sept. 1, 2016) (quoting Cal. Civ. Code § 52.1(a)) (internal quotation marks omitted). To succeed on a Bane Act claim, a plaintiff must show an underlying constitutional violation. *See May v. San Mateo Cnty*, No. 16–CV–00252–LB, 2017 WL 1374518, at *13 (N.D. Cal. Apr. 15, 2017). DeCosta argues that the alleged facts against her are insufficient to allege a cognizable state law claim of the Bane Act because the FAC does not plead facts showing that she threatened, intimidated, or coerced Gonsalez. At the hearing, Plaintiffs conceded the point, but requested that the claim be dismissed without prejudice to an amendment should new facts come to light. The court grants the motion to dismiss the Bane Act claim against DeCosta, with leave to amend.

### 3. *Monell* Claim Against Police Chief Koller

Koller argues that the *Monell* claim should be dismissed because he is named in his individual capacity only. Plaintiffs concede that Koller cannot be sued as an individual on a

---

[4] If Plaintiffs decide to conduct some discovery before attempting to amend this or other claims, they must pursue amendment before the deadline set during the case management conference that occurred directly after the hearing on these motions.

7

*Monell* theory of municipal liability. Because amendment would be futile, the court grants the motion to dismiss the *Monell* claim against Koller, without leave to amend. *Smith v. Cnty of Santa Cruz*, 13-cv-00595 LHK, 2014 WL 3615492, at *11 (N.D. Cal. July 22, 2014) (dismissing the *Monell* claim against individual defendants); *see also Mendez v. Becher*, No. C-12-4170 EMC, 2012 WL 12920630, at *1 (N.D. Cal. Nov. 7, 2012) (same).

### B. Motion for a More Definite Statement as to the Fourth Claim

Defendants move for a more definite statement pursuant to Rule 12(e) as to Plaintiffs' fourth claim, arguing that the FAC fails to specify the Defendants against which it is asserted. *See* FAC at 11-12. The court agrees. The FAC is ambiguous on this point; the Rule 12(e) motion is therefore granted. *See McHenry v. Renne*, 84 F.3d 1172, 1174-1175 (9th Cir. 1996) (affirming lower court's dismissal of complaint pursuant to 12(e) because, among other things, it failed to adequately specify which of several defendants were responsible for the numerous wrongs alleged by plaintiff, making it difficult for individual defendants to defend themselves).

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendants' motion to dismiss, with leave to amend, as to the negligence and Bane Act claims against DeCosta. The court grants the motion to dismiss the *Monell* claim against Koller in his individual capacity with prejudice. Defendants' motion to dismiss is otherwise denied. Defendants' motion for a more definite statement as to the fourth claim is granted. Plaintiffs shall file a second amended complaint within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 8, 2019



_____
DONNA M. RYU
United States Magistrate Judge